IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-712-FL

| | |
|---|---|
| LAMONT WEEMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER & MEMORANDUM** |
| | ) **AND RECOMMENDATION** |
| MAYOR ANTHONY G. CHAVONNE, | ) |
| Mayor of the City of Fayetteville, CHIEF | ) |
| HAROLD MEDLOCK, Chief of | ) |
| Fayetteville Police Department, | ) |
| OFFICER COMB, Fayetteville Police | ) |
| Department, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915A, having been referred to the undersigned by the Honorable Louise W. Flanagan, United States District Judge. For the reasons set forth below, it is recommended that Plaintiff's claims against Defendants Chavonne and Medlock be dismissed in their entirety, that Plaintiff's claim against Defendant Comb in his official capacity be dismissed, and that the action proceed only with respect to Plaintiff's claim against Officer Comb in his individual capacity.

## BACKGROUND

Plaintiff, Lamont Weems, filed this action pursuant to 42 U.S.C. 1983, alleging that Defendant Comb, an officer with the Fayetteville Police Department

("Officer Comb"), used excessive force following his arrest of Plaintiff "under the false pretense that he possessed and was drinking out of an open beer can in public." (Compl. at 10.) Plaintiff further claims that his arrest was the result of "racial profiling." (*Id.*) Plaintiff seeks an award of compensatory and punitive damages against the following individuals in their official and individual capacities: (1) Officer Comb; (2) Defendant Harold Medlock, Chief of Police of the Fayetteville Police Department ("Chief Medlock"); and (3) Anthony G. Chavonne, Mayor of the City of Fayetteville ("Mayor Chavonne").

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court is required to review complaints in which prisoners seek relief from a governmental entity or officer and to dismiss all or part of a complaint that is found to be frivolous or malicious, that fails to state a claim on which relief can be granted, or that seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915A(b); *see also Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to a less stringent standard than pleadings drafted by lawyers and must be liberally construed. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The

2

court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Additionally, pro se complaints are not exempt from the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege facts to support the following findings: (1) that he has been deprived of a federal right; and (2) that the person who deprived him of his federal right did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[P]rivate conduct, no matter how discriminatory or wrongful," is not actionable under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

I. **Official Capacity Claims**

Plaintiff's § 1983 claims against the defendants in their official capacities must be treated as actions against the government entity of which they are agents – the City of Fayetteville. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit

against the entity."). To establish liability against a municipality under § 1983, a plaintiff must show that the alleged constitutional injury is attributable to an official policy, procedure, or custom of the municipality. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978).

Plaintiff has not asserted that an official policy, procedure, or custom of the City of Fayetteville or the Fayetteville Police Department violated his constitutional rights. In fact, Plaintiff alleges that the Fayetteville Police Department's policies and procedures "prohibit racial profiling [and] physical abuse of suspects." (Compl. at 10.) Accordingly, Plaintiff has not alleged sufficient facts to support a § 1983 claim against the City of Fayetteville, and his claims against the defendants in their official capacities should, therefore, be dismissed.

## II.  Individual Capacity Claims

### A.  Mayor Chavonne

It is well settled that principles of respondeat superior are not applicable to § 1983 claims. *See Monell*, 436 U.S. at 691. Section 1983 liability will attach only where the defendant "'acted personally in the deprivation of the plaintiff's rights.'" *Wright v. Collin*, 766 F.2d 841, 850 (4th Cir. 1985) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Thus, a supervisor may be held individually liable for the unconstitutional acts of a subordinate only where (1) the supervisor had actual or constructive knowledge that the "subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury"; (2) the

4

supervisor was deliberately indifferent to or tacitly authorized the conduct; and (3) there exists an "affirmative causal link" between the supervisor's actions and the constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff's claim against Mayor Chavonne in his individual capacity does not rise to the level required to establish liability under § 1983. Plaintiff merely alleges that Mayor Chavonne was responsible for overseeing and ensuring that the Fayetteville Police Department adheres to its policies and procedures prohibiting racial profiling and the physical abuse of suspects. Plaintiff includes no facts in his complaint to support a finding that Mayor Chavonne had actual or constructive knowledge of Officer Comb's alleged conduct, was deliberately indifferent to or tacitly authorized the alleged violation or that there is a causal link between Mayor Chavonne's actions and Plaintiff's alleged injury. Accordingly, Plaintiff's claim against Mayor Chavonne, individually, should be dismissed for failure to state a claim upon which relief can be granted.

B. Chief Medlock

Plaintiff has similarly failed to state an individual-capacity claim against Chief Medlock under § 1983. Plaintiff's only allegation against Chief Medlock is that he "failed to properly train and supervise defendant Comb." (Compl. at 10.)

While a complaint need not contain detailed factual allegations, it must give a defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. Conclusory statements lacking any supporting factual basis, such as those alleged against Chief Medlock, will not suffice. *See Fields v. Tucker*, No. 1:10-CV-844, 2011 WL 4345306 (M.D.N.C. Sept. 15, 2011) (dismissing claim that Chief of Police failed to properly hire, train and supervise officers where complaint lacked supporting facts). Because Plaintiff has failed to allege any facts to support a claim of improper training or supervision, his individual-capacity claim against Chief Medlock should be dismissed for failure to state a claim.

C.   Officer Comb

Unlike Plaintiff's claims against Mayor Chavonne and Chief Medlock, Plaintiff's claim against Officer Comb is supported by sufficient facts to state a § 1983 claim premised upon Officer Comb's alleged use of excessive force. It, therefore, survives frivolity review.

> Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "'the nature and quality of the intrusion on the individual's Fourth Amendment interests'" against the countervailing governmental interests at stake. . . . *Tennessee v. Garner*, 471 U.S. 1, 8 (1985). [T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), . . . its proper application requires careful attention to the facts and circumstance of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the

safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Graham v. Connor*, 490 U.S. 386, 396 (1989) (second alteration in original).

In his complaint, Plaintiff asserts, among other things, that Officer Comb, unprovoked by Plaintiff, "threw Plaintiff to the ground"; punched Plaintiff three times in the temple area, rendering Plaintiff nearly unconscious; placed Plaintiff in a choke-hold and grabbed Plaintiff by the back of his head; forced Plaintiff's to the ground and pulled Plaintiff's leg; then put one of his knees in Plaintiff's lower back and twisted Plaintiff's right ankle. Plaintiff further alleges that he was hospitalized for thirty days and underwent two "massive, life saving surgeries" as a result of the injuries he sustained "at the hands of [Officer] Comb." (Compl. at 14.)

The court expresses no opinion concerning the veracity of Plaintiff's allegations or the reasonableness of Officer Comb's alleged actions. Given the liberal construction due Plaintiff's complaint, however, the court finds that Plaintiff's claim that Officer Comb, acting under color of state law, violated his Fourth Amendment right to be free from unreasonable seizures is neither legally frivolous nor factually baseless. Accordingly, the court determines that this claim survives frivolity review.

## CONCLUSION

For the foregoing reasons, Plaintiff's claim against Officer Comb in his individual capacity survives frivolity review. However, the undersigned RECOMMENDS that Plaintiff's remaining claims (against Officer Comb in his

7

official capacity and against Mayor Chavonne and Chief Medlock in both their individual and official capacities) be DISMISSED pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

The Clerk shall send a copy of this Order and Memorandum and Recommendation to the pro se Plaintiff, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 19th day of November 2013.

*/s/ Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge