IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-712-FL

| | |
|---|---|
| LAMONT WEEMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ANTHONY G. CHAVONNE, Mayor of ) | |
| the City of Fayetteville; CHIEF HAROLD ) | |
| MEDLOCK, Chief of Fayetteville Police ) | |
| Department; OFFICER COMB, ) | |
| Fayetteville Police Department, ) | |
| ) | |
| Defendants. | |

This matter is before the court on the Order and Memorandum and Recommendation ("M&R") of United States Magistrate Judge Kimberly A. Swank, upon frivolity review pursuant to 28 U.S.C. § 1915A. No objections to the M&R have been filed, and the time within which to make any objection has expired. This matter is ripe for ruling.

Plaintiff filed *pro se* on September 27, 2013, a complaint under 42 U.S.C. § 1983 alleging claims arising out of alleged wrongful arrest and excessive use of force by defendant Comb, an officer with the Fayetteville Police Department. In the M&R, it is recommended that plaintiff's claims against defendants Chavonne and Medlock be dismissed in their entirety, that plaintiff's claim against defendant Comb in his official capacity be dismissed, and that the action proceed only with respect to plaintiff's claim of excessive force against officer Comb in his individual capacity.

Where plaintiff has not alleged that an official policy, procedure, or custom of the city or police department violated his rights, nor requisite facts regarding culpable conduct of defendants

Chavonne and Medlock, plaintiff's official capacity claims against all defendants must be dismissed, and plaintiff's individual capacity claims against defendants Chavonne and Medlock must be dismissed. Plaintiff has, however, sufficiently alleged facts in the complaint to support a claim premised upon alleged use of excessive force, where, as noted in the M&R:

> Plaintiff asserts, among other things, that defendant Comb, unprovoked by Plaintiff, "threw Plaintiff to the ground"; punched Plaintiff three times in the temple area, rendering Plaintiff nearly unconscious; placed Plaintiff in a choke-hold and grabbed Plaintiff by the back of his head; forced Plaintiff's to the ground and pulled Plaintiff's leg; then put one of his knees in Plaintiff's lower back and twisted Plaintiff's right ankle. Plaintiff further alleges that he was hospitalized for thirty days and underwent two "massive, life saving surgeries" as a result of the injuries he sustained "at the hands of [Officer] Comb."

(M&R at 7, quoting Compl. at 14.)

Plaintiff also suggests that he was subjected to wrongful arrest, which potential claim the M&R does not directly address. "To establish an unreasonable seizure under the Fourth Amendment, [a plaintiff] needs to show that the officers decided to arrest [him] . . . without probable cause." Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002). "For probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed." Id. Although plaintiff asserts generally that he was subjected to a wrongful arrest due to racial profiling, plaintiff alleges no facts supporting a claim based upon wrongful arrest. Indeed, plaintiff suggests in his complaint that he was arrested on the basis of a violation of a law barring consumption of alcohol from an open container in a public place. (See Compl. at 10). Accordingly, plaintiff's wrongful arrest claim will be dismissed without prejudice for failure to state a claim.

In sum, upon careful review of the M&R and of the record generally, having found no clear error, the court hereby ADOPTS the recommendation of the magistrate judge as its own, and, for

the reasons stated therein, plaintiff's claim against defendant Comb in his individual capacity premised upon alleged use of excessive force shall be allowed to proceed. Further, plaintiff's claim for wrongful arrest against defendant Comb in his individual capacity is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. Plaintiff's remaining claims against defendant Comb in his official capacity and against defendants Chavonne and Medlock in their individual and official capacities are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

With respect to continued management of this case, the court notes that plaintiff has not filed any summons for issuance by the clerk, as provided under Federal Rule of Civil Procedure 4(b). Accordingly, plaintiff is DIRECTED to present a summons to the clerk with respect to remaining defendant Comb within 21 days of the date of this order.

SO ORDERED, this the 12th day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

3

Case 5:13-cv-00712-FL   Document 13   Filed 12/12/13   Page 3 of 3